IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEFF FOSS and NATIONAL COMTEL, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-724-D |
| | ) | |
| PERFORMANCE CONSULTING GROUP, LLC; | ) | |
| RONALD WAYNE MURRAY, and | ) | |
| DWAYNE MICHAEL GARRISON, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Before the Court are Defendants' Motions to Dismiss, or Alternatively, to Stay Pending Arbitration of Plaintiffs' Claims [Doc. Nos. 16, 24 and 28].[1] All defendants move pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16, for an order enforcing an arbitration agreement between Plaintiff National Comtel, LLC ("National") and Defendant Performance Consulting Group, LLC ("PCG"). Defendants contend the arbitration agreement encompasses all claims asserted by Plaintiffs against Defendants and requires the resolution of Plaintiffs' claims by binding arbitration through the National Arbitration Forum ("NAF"). Plaintiffs have timely opposed the Motion on the ground that the arbitration agreement is unenforceable. Defendants have filed a single, joint reply brief. The Motions are fully briefed and at issue.

This action concerns an allegedly fraudulent loan agreement between National and PCG. The agreement was executed by Plaintiff Jeff Foss as National's authorized representative and

---

[1] Defendants Ronald Wayne Murray and Dwayne Michael Garrison filed the initial motion [Doc. No. 16]. They filed an amended motion [Doc. No. 24] after Plaintiffs filed an amended pleading. Defendant Performance Consulting Group, LLC filed a separate motion [Doc. No. 28]. The motions raise identical issues and arguments and, therefore, are addressed together and resolved by a single order.

Defendant Ronald Murray, as PCG's president. Defendant Dwayne Garrison allegedly was PCG's comptroller. Plaintiffs assert claims for rescission and damages allegedly caused by fraud. It is undisputed that the loan agreement contains a broad arbitration clause that is governed by the Federal Arbitration Act and that encompasses all claims asserted in this action. The only question presented is whether the arbitration agreement contains false or misleading statements concerning the costs of arbitration that induced National to accept the agreement and that render it revocable and, thus, unenforceable.

The Federal Arbitration Act provides that "an agreement in writing to submit to arbitration an existing controversy . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *See* 9 U.S.C. § 2. When a party to an arbitration agreement challenges its validity, a federal court "must consider the challenge before ordering compliance with the Agreement." *See Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772, 2778 (2010). In resolving such a challenge, federal courts may apply state law principles that govern the validity, revocability, and enforceability of contracts generally. *Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681, 686-87 (1996). In this case, the Court understands Plaintiffs' challenge to be a claim of "fraud in the inducement of the arbitration clause itself." *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967).

As noted above, Plaintiffs contend the arbitration agreement was obtained using false statements concerning arbitration costs. Plaintiffs argue that the arbitration agreement is unenforceable because it was induced by "constructive fraud" perpetrated against National "as a prospective lender." *See* Pls.' Resp. Br. [Doc. No. 31] at 5. Plaintiffs rely on the following alleged misrepresentations in the arbitration agreement:

2

> *Your arbitration fees will be waived by the NAF in the event you cannot afford to pay them.* The cost of any participatory, documentary or telephone hearing, if one is held at your or our request, will be paid solely by us as provided in the NAF rules and, if a participatory hearing is requested, it will take place at a location near your residence.

Pls.' Resp. Br. [Doc. No. 31] at 5 (quoting Ex. 1, Engagement Agreement/Demand Note at 3 (emphasis in original)). Relying on a copy of NAF rules regarding arbitration fees submitted with their brief, Plaintiffs argue that these statements as applied to National are incorrect and that they were material to National's decision to enter into the loan agreement.

Under Oklahoma law, constructive fraud consists of "any breach of a duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any person claiming under him, by misleading another to his prejudice . . . ." *Id*. § 59(1). Unlike actual fraud, "[c]onstructive fraud does not require an intent to deceive, and liability for constructive fraud may be based on negligent or even innocent misrepresentation." *Faulkenberry v. Kansas City Southern Ry. Co.*, 602 P.2d 203, 206 n.8 (Okla. 1979); *see Gentry v. American Motorist Ins. Co.*, 867 P.2d 468, 471 (Okla. 1994). Constructive fraud also includes "the concealment of material facts which one is bound under the circumstances to disclose." *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1180 (10th Cir. 2008) (internal quotation omitted). To prevail under a theory of constructive fraud, a plaintiff must prove:

> (1) That the defendant owed plaintiff a duty of full disclosure. This duty could be part of a general fiduciary duty owed by the defendant to the plaintiff. This duty could also arise, even though it might not exist in the first instance, once a defendant voluntarily chooses to speak to plaintiff about a particular subject matter;
>
> (2) That the defendant misstated a fact or failed to disclose a fact to plaintiff;
>
> (3) That the defendant's misstatement or omission was material;
>
> (4) That plaintiff relied on defendant's material misstatement or omission; and

(5) That plaintiff suffered damages as a result of defendant's material misstatement or omission.

*Specialty Beverages*, 537 F.3d at 1180-81 (internal quotation omitted).[2]

Notably in this case, Plaintiffs' allegations of fraud regarding the arbitration agreement do not appear in the Second Amended Complaint, or any complaint filed to date;[3] they appear solely as argument in Plaintiffs' brief. Thus, Plaintiffs have not asserted a claim for rescission of the arbitration agreement. Overlooking any pleading deficiency, however, the Court finds Plaintiffs' new fraud allegations to be insufficient to overcome the strong federal policy in favor of arbitration.

First, the allegedly misleading portion of the arbitration agreement, quoted above, is merely a brief excerpt from the relevant passage of the loan agreement, which appears in a document entitled, Engagement Agreement/Demand Note, executed by National, PCG, and a third entity, Corporate Consulting Group or Commercial Consulting Group ("CCG").[4] The document by its terms engaged CCG to procure a lender or investor for PCG; it refers to PCG as "Client (Murray)." *See* Second Am. Compl., Ex. 2 [Doc. No. 22-2] (hereafter "Agreement") at 1. The document also contains an agreement between National and "Client" regarding a 60-day loan of $220,000.00 and, in this part of the document, refers to PCG as "you." It states, for example: "You promise to pay

---

[2] It is well established that an incomplete and misleading statement of relevant information may constitute constructive fraud: "'A duty to speak may arise from partial disclosure, the speaker being under a duty to say nothing or to tell the whole truth. One conveying a false impression by the disclosure of some facts and concealment of others is guilty of fraud, even though his statement is true as far as it goes . . . .'" *Varn v. Maloney*, 516 P.2d 1328, 1332 (Okla. 1973) (quoting *Deardorf v. Rosenbusch*, 206 P.2d 996, 998 (Okla. 1949)); *Thrifty Rent-a-Car Sys., Inc. v. Brown Flight Rental One Corp.*, 24 F.3d 1190, 1195 (10th Cir. 1994) (same)).

[3] As the title suggests, the Second Amended Complaint was preceded by the Complaint and the Amended Complaint.

[4] The document refers to CCG at various times as Corporate Consulting Group and Commercial Consulting Group.

4

to our order and/or our assignees . . . ; "you will pay the Finance Charge as agreed; " and "[i]nformation regarding the renewal of your loan will be sent to you prior to any renewal . . . ." *See id*. at 3 (unnumbered). The statements about which Plaintiffs complain appear in a succeeding paragraph that provides as follows:

> <u>Arbitration of All Disputes</u>: You and we agree that any and all claims, disputes or controversies between you and us, any claim by either of us against the other (or the employees, officers, directors, agents, servicers, or assigns of the other) and any claim arising from or relating to your application for this loan, regarding this loan or any other loan you previously or may later obtain from us, this Note, this agreement to arbitrate all disputes, your agreement not to bring, join or participate in class actions, regarding collection of the loan, alleging fraud or misrepresentation, whether under common law or pursuant to federal, state or local statute, regulation or ordinance, including disputes regarding the matters subject to arbitration, *or otherwise*, shall be resolved by binding individual (and not joint) arbitration by and under the Code of Procedure of the National Arbitration Forum ("NAF") in effect at the time the claim is filed. . . . Rules and forms of the NAF may be obtained and all claims shall be filed at any NAF office, on the World Wide Web at www.arb-forum.com, by telephone at 800-474-2371, or at "National Arbitration Forum, P.O. Box 50191, Minneapolis, Minnesota 55405." *Your arbitration fees will be waived by the NAF in the event you cannot afford to pay them.* The cost of any participatory, documentary or telephone hearing, if one is held at your or our request, will be paid solely by us as provided in the NAF rules and, if a participatory hearing is requested, it will take place at a location near your residence. . . .
>
> NOTICE: YOU AND WE WOULD HAVE HAD A RIGHT OR OPPORTUNITY TO LITIGATE DISPUTES THROUGH A COURT AND HAVE A JUDGE OR JURY DECIDE THE DISPUTES BUT HAVE AGREED INSTEAD TO RESOLVE DISPUTES THROUGH BINDING ARBITRATION.

*See id*. at 3-4 (emphasis in original). Although the Agreement is not a model of clarity, the statements that "[y]our arbitration fees will be waived by the NAF in the event you cannot afford to pay them " and that the cost of any hearing "will be paid solely by us" – when read in the context in which they appear – could not reasonably be read by a potential lender as an assurance that its arbitration costs would be paid or waived by NAF, as asserted by Plaintiffs in this case.

5

Second, to the extent Plaintiffs contend that providing some information about arbitration costs created a duty of full disclosure regarding NAF's fee structure, Plaintiffs do not explain why any omissions by the alleged drafter of the Agreement, CCG or its principal, Robert Torres, should be imputed to Defendants. Nor do they explain why Defendants should be charged with superior knowledge about NAF's rules regarding fees and costs. The allegedly omitted information was apparently obtained by Plaintiffs for the purpose of responding to Defendants' Motion by accessing publicly available information from NAF's website. The Agreement provided all of the information needed to permit an interested party to learn NAF's fee structure before agreeing to arbitration. Moreover, Plaintiffs' contention that NAF's fee structure is onerous and impedes their ability to arbitrate their claims against Defendants ignores the fact that NAF rules require payment of the "commencement fee" and hearing fees by the claimant or the party requesting a hearing, "unless otherwise provided by the agreement of the Parties or the law." *See* Pls.' Resp. Br., Ex. 2 [Doc. No. 31-2] at 1, 2. In this case, the Agreement expressly provides that "the prevailing party shall be entitled [to] reimbursement for all legal fees and costs." *See* Agreement at 3.[5]

Finally, the Court finds that Plaintiffs have failed to identify a false or misleading statement in the Agreement. Plaintiffs contend the Agreement contains a "representation that the borrower and the borrower's agent had arranged, in the event of a default on the loan requested, for a procedure which would permit the lender to recoup the cost of proceeding against the borrower, acted as an inducement to the lender to agree to the suggested arbitration clause." *See* Pls.' Resp.

---

[5] It is unclear whether Plaintiffs also seek to invalidate the arbitration agreement under federal law on the ground that the cost of NAF's arbitration program is prohibitively expensive. On the record presented, the Court finds any such claim to be unsubstantiated. Here, as in *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 91 (2000), "[t]he 'risk' that [Plaintiffs] will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement."

Br. [Doc. 31] at 5-6. As stated above, the Court finds no such promise in the Agreement and, in any event, finds nothing in NAF's rules that would prevent Plaintiffs from obtaining a reimbursement of arbitration costs from Defendants should they prevail on their claims, as provided by the Agreement.

## Conclusion

On the application of a party in a pending case, a federal court can enforce an arbitration agreement by staying the action until arbitration has been completed "in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." *See* 9 U.S.C. § 3. Because Plaintiffs have not alleged sufficient facts to establish the arbitration agreement in this case is unenforceable and because no contention is made that Defendants are in default in any arbitration proceeding, the Court finds that Defendants are entitled to a stay of this case pending Plaintiffs' pursuit of their claims in an appropriate arbitral forum.

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss, or Alternatively, to Stay Pending Arbitration of Plaintiffs' Claims [Doc. Nos. 16, 24 and 28] are granted in part and denied in part. The motions to dismiss are DENIED, but the motions to stay further proceedings pending arbitration of Plaintiffs' claims are GRANTED.

IT IS FURTHER ORDERED that this action is stayed pending the completion of arbitration concerning all claims asserted by Plaintiffs in this case. By separate order, this case shall be administratively closed while the stay remains in effect.

IT IS SO ORDERED this 24th day of November, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE